IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELOCITY PROCUREMENT, LLC, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2501-D |
| | § | |
| LENNOX INTERNATIONAL, INC., | § | |
| | § | |
| Defendant-Counterplaintiff, | § | |

MEMORANDUM OPINION
AND ORDER

In this diversity action involving allegations of breach of contract and fraud, defendant-counterplaintiff Lennox International, Inc. ("Lennox") moves under Fed. R. Civ. P. 12(b)(6) and 9(b) to dismiss repleaded claims of plaintiff-counterdefendant Velocity Procurement, LLC ("Velocity"), and requests an award of reasonable attorney's fees as sanctions under 28 U.S.C. § 1927 and the court's inherent power. For the reasons that follow, the court grants Lennox's motion to dismiss and denies its request for attorney's fees as sanctions.

I

The court assumes the parties' familiarity with the previous decision in this case in *Velocity Procurement, LLC v. Lennox International, Inc.* (*Velocity I*), 2026 WL 1618699 (N.D. Tex. June 5, 2026) (Fitzwater, J.),[1] and recounts only the facts and procedural history

[1]In *Velocity I* the court granted Lennox's motion to dismiss Velocity's breach of contract claim based on Lennox's failure to provide at least $250 million in addressable spend, and fraud claim; denied Velocity's motion to dismiss Lennox's breach of contract

necessary to understand the present decision.

Following the court's decision in *Velocity I*, which granted Velocity leave to amend, Velocity filed a second amended complaint that alleged the same breach of contract claim (failure to provide at least $250 million in addressable spend) and fraud claim as Velocity had asserted in its first amended complaint. In the second amended complaint, Velocity added emails sent from a representative of Lennox and a quote from the Statement of Work #2 ("SOW") to support its fraud claim. But apart of these additional allegations, the first and second amended complaints are identical.

Lennox now moves to dismiss Velocity's second amended complaint, contending that the changes Velocity has made do not substantively alter Velocity's claims and that they fail to address the deficiencies that the court relied on when granting Lennox's prior motion to dismiss. Lennox also moves for an award of reasonable attorney's fees as sanctions for Velocity's conduct.

Velocity responds that, in its second amended complaint, it only made changes to the fraud allegations because those were the only ones that the court gave it leave to amend. Velocity posits that it is not purporting to assert live claims for breach of contract based on total addressable spend, or fraud, and that it is repleading these claims, in large part, to preserve them for appeal. Velocity maintains that the record does not support a finding of bad faith that is necessary to warrant imposing sanctions under the theories on which Lennox

---

counterclaim; and granted Velocity leave to file an amended complaint.

relies.

Lennox replies, in pertinent part, that the court should dismiss the previously dismissed claims and impose sanctions for the following reasons: Velocity asserted identical or nearly identical breach of contract and fraud claims with only immaterial changes; Velocity conceded that some of its claims were inactive, but only after Lennox incurred the time and expense to file a second motion to dismiss; and Velocity misconstrued the court's grant of leave to amend and disregarded precedent establishing that repleading is not required to challenge the court's ruling on appeal. The court is deciding Lennox's motion on the briefs, without oral argument.

II

The court first considers Lennox's motion to dismiss Velocity's breach of contract claim related to total addressable spend, and its fraud claim.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the amended] complaint by 'accept[ing] all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

"Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. HuberCorp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013) (per curiam). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (internal quotation marks omitted) (quoting *Benchmark Elecs.*, 343 F.3d at 724). More colloquially, the plaintiff must plead the "who, what, when, where, and how" of the fraud. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

III

A

The court turns first to Lennox's motion to dismiss Velocity's breach of contract claim related to total addressable spend. Lennox contends that this breach of contract claim is identical to the one contained in the first amended complaint and that there is no reason for the court to depart from its prior ruling dismissing this claim. Velocity responds that it retained the language contained in the first amended complaint because the court "did not grant Velocity leave to replead its breach of contract claim." P. Br. (ECF No. 43) at 2. Velocity also posits that it does not contend that it has a live breach of contract claim, and that the retained language is, at most, "simply there for purposes of a potential appeal." P. Br. (ECF No. 43) at 2-3.

When the court granted Velocity leave to amend its first amended complaint, it did not confine that leave to repleading Velocity's breach of contract claim related to total addressable spend, or fraud. It "grant[ed] Velocity 28 days from the date this memorandum opinion and order is filed to file a second amended complaint," *Velocity I*, 2026 WL 1618699, at *7, in part responding to Velocity's having "expressly request[ed] leave to amend if its amended complaint is deemed deficient," *id.*

Regardless whether Velocity was granted leave to amend its breach of contract claim related to total addressable spend, Velocity acknowledges that this claim is not live. Because Velocity has elected not to pursue its breach of contract claim related to total addressable spend, the court declines to revisit its dismissal of this claim. *See Maynard v. PayPal, Inc.*,

2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) (Fitzwater, J.) (collecting cases) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint.").

But even if the court assumes *arguendo* that Velocity intends to assert a breach of contract claim related to total addressable spend, the court would adhere to its decision in *Velocity I* given that these breach of contract claims are alleged identically in the first and second amended complaints. *See, e.g.*, *Maynard v. PayPal, Inc.*, 2021 WL 50353, at *3 (N.D. Tex. Jan. 6, 2021) (Fitzwater, J.) (adhering to previous decision on sufficiency of the claims since pertinent allegations were identical in the second and third amended complaints). Because the breach of contract claims are identical, Velocity has necessarily failed to cure the defects that the court identified in *Velocity I*.

Accordingly, the court grants Lennox's motion to dismiss Velocity's breach of contract claim based on Lennox's failure to provide at least $250 million in addressable spend.

B

The court turns next to Lennox's motion to dismiss Velocity's fraud claim. Lennox contends that the fraud claim simply reasserts the claim that this court has already dismissed from the first amended complaint, except for three additional changes "that do not substantively change Velocity's claims and fail to address the deficiencies that led this Court to properly dismiss Velocity's claims in the first instance." D. Br. (ECF No. 41) at 1-2. Velocity responds that it only made changes to the narrow issue of specificity because "this was the only change the Court called for." P. Br. (ECF No. 43) at 3. As to the deficiency

in the reasonable reliance element,[2] Velocity explains that it provided no additional evidence or support because it had "failed as a matter of law . . . and that no repleading could cure that defect." *Id.* And, similarly to its breach of contract claim, Velocity acknowledges that its fraud claim is not live and was repleaded mostly in anticipation of a potential appeal.

The court again disagrees with the assertion that it narrowed the issues available for amendment. The court broadly granted Velocity leave to file a second amended complaint. The court has taken similar approaches in other cases. *See, e.g.*, *Adlerstein v. Cooper Aerobics Enters., Inc.*, 2026 WL 2111729, at *4 (N.D. Tex. July 22, 2026) (Fitzwater, J.) (granting plaintiff leave to amend all claims even though two claims failed as a matter of law). Nevertheless, because Velocity has again expressly declined to challenge the court's dismissal and chosen not to pursue the claim in the second amended complaint, the court need not revisit its dismissal of Velocity's fraud claim.

But as with Velocity's breach of contract claim, even if the court assumes *arguendo* that Velocity intends to assert a live fraud claim, the court would adhere to its decision in *Velocity I* because Velocity has not sufficiently cured the deficiencies raised by the court.

First, the attachment of the SOW provision is inconsequential of itself because the

---

[2]In *Velocity I* the court concluded that, even if Velocity had plausibly alleged that Lennox made false representations, Velocity could not have reasonably relied on these representations as a matter of law because "Texas courts have repeatedly held [that] a party to a written contract cannot justifiably rely on oral misrepresentations regarding the contract's unambiguous terms." *Velocity I*, 2026 WL 1618699, at *6 (alteration in original) (quoting *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015)).

court already had access to, gave attention to, and ruled on it in *Velocity I*.[3]

Second, although Velocity's attachment of emails sent from a Lennox representative may address the specificity requirements of Rule 9(b), it fails to cure any of the issues related to reasonable reliability; in fact, Velocity acknowledges that it did not cure the reliance defect. *See* P. Br. (ECF No. 43) at 3.

Accordingly, the court grants Lennox's motion to dismiss Velocity's fraud claim.

IV

The court now considers Lennox's request for sanctions in the form of reasonable attorney's fees.

A

Lennox maintains that Velocity's decision to file a second amended complaint with only immaterial changes was "so devoid of merit that it could only have been filed in a bad faith effort," and caused Lennox to incur time and expense on a second motion to dismiss. D. Br. (ECF No. 41) at 16.

In response, Velocity justifies the lack of substantive changes by arguing that the claims are not active, and that Lennox would have understood this if it had attempted to communicate with Velocity before seeking sanctions. Velocity also maintains that it was

[3]The court held in *Velocity I* that Velocity had not plausibly pleaded that the relevant language in the SOW was false, that Velocity could not have been defrauded by its own estimate and representation, and that the Agreement did not contain a promise that Lennox would provide $250 million in addressable spend. *See Velocity I*, 2026 WL 1618699, at *5.

only granted leave to amend part of its complaint; that it was required to reassert all breach of contract allegations because the claim was only partially dismissed; and that it wanted to preserve the dismissed claims for appeal.

Lennox replies that Velocity's response misrepresents the court's opinion, that Velocity's newly asserted appellate-preservation rationale is belied by precedent, and that Velocity breached its duty of candor, all of which, when viewed together, warrant an award of reasonable attorney's fees.

B

Lennox contends first that reasonable attorney's fees should be awarded under 28 U.S.C. § 1927. To be entitled to an award of sanctions under § 1927, the movant must demonstrate "that the sanctioned attorney multiplied the proceedings both 'unreasonably' and 'vexatiously.'" *Zark v. Air Exp. Int'l USA, Inc.*, 2010 WL 1141396, at *3 (N.D. Tex. Mar. 25, 2010) (Fitzwater, C.J.) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002)). "This requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Id.* (quoting *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)). "Punishment under this statute is sparingly applied[.]" *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (internal quotation marks omitted) (quoting *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)).

The court holds that Velocity's conduct in this litigation has not risen to the high level required for imposition of sanctions. Although some of Velocity's reasoning for framing its second amended complaint as it did is not entirely compatible with the court's previous

instructions and with precedent, this did not lead to an "unreasonable" or "vexatious" multiplication of the proceedings. This is not a case of "repeated filings despite warnings from the court" or "proof of excessive litigiousness," which are examples of what a court looks for to impose § 1927 sanctions. *See Fletcher v. Experian Info. Sols., Inc.*, 2026 WL 37428, at *4 (5th Cir. Jan. 6, 2026) (per curiam) (citing *Procter & Gamble Co.*, 280 F.3d at 525). In some respects, Velocity was correct to leave parts of its second amended complaint unchanged. In *Velocity I* the court did not dismiss the breach of contract claim related to nonpayment of amounts owed.

While it is true that Velocity mistook the scope of its leave to amend, it is also true that Velocity's preservation-for-appeal arguments conflict with this court's previous decisions. *See, e.g.*, *Clapper v. Am. Realty Invs., Inc.*, 2017 WL 978098, at *3 (N.D. Tex. Mar. 14, 2017) (Fitzwater, J.) (citing *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008)) ("Plaintiffs are mistaken in their belief that they must continue to replead, in identical form, claims that the court has dismissed in order to preserve error."). But even if the presumption is that Velocity failed to accurately follow this court's instructions and precedent, § 1927 sanctions "may not be imposed for mere negligence on the part of counsel." *Mai v. Art Inst. of Dall. Aii, LLC*, 2023 WL 8005315, at *5 (N.D. Tex. Nov. 17, 2023) (Fitzwater, J.) (citing *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995)).

Lennox relies on two cases in which courts imposed § 1927 sanctions, but even if these cases were binding (and they are not), they are distinguishable. In *In re Brown*, 126 B.R. 615 (Bankr. M.D. Fla. 1991), and *Davis v. Lynwood Unified School District*, 2008 WL

11338019 (C.D. Cal. Dec. 3, 2008), the sanctioned parties did not even attempt to cure the defects noted by the courts. In the present case, however, Velocity attempted to cure the lack of specificity in its fraud claim. Fifth Circuit precedent teaches that behavior warranting § 1927 sanctions must be more egregious than that what occurred here. *See Clark v. Mortenson*, 93 Fed. Appx. 643, 652-53 (5th Cir. 2004) (per curiam) (holding the district court did not abuse its discretion when it imposed § 1927 sanctions on a party who admitted the allegations in the complaint were completely unfounded); *Sheshtawy v. Conservative Club of Hou., Inc.*, 2016 WL 10880233, at *6 (S.D. Tex. Dec. 14, 2016) (imposing § 1927 sanctions after plaintiff's counsel joined multiple defendants, persisted in baseless claims with new pleading allegations, and gave no specifics to justify the claims in a 39-page response and subsequent first amended complaint spanning 245 pages). The level of misconduct in the present case is much more like those in which courts have declined to impose sanctions. *See Hencinski v. Aus. Com., L.P.*, 2006 WL 325764, at *1 (N.D. Tex. Feb. 13, 2006) (Fitzwater, J.) (denying request for attorney's fees even though plaintiff was bound to arbitration in his employment agreement and filed a lawsuit anyway); *Mipharm, S.p.A. v. Access Pharms., Inc.*, 2004 WL 852279, at *3 (N.D. Tex. Apr. 20, 2004) (Fitzwater, J.) (denying request for attorney's fees even though plaintiff filed a complaint and motion to compel arbitration based on a moot controversy).

The court agrees with Lennox that Velocity should have been clearer when repleading about its intent to preserve claims for appeal. And it is reasonable for Lennox to complain that Velocity's approach caused Lennox to incur time and expense on an unnecessary motion

to dismiss. But Velocity's conduct does not meet the stringent threshold required to impose sanctions under § 1927. Accordingly, the court denies Lennox's request for reasonable attorney's fees as a sanction under 28 U.S.C. § 1927.

C

Alternatively, Lennox seeks an award of reasonable attorney's fees under the court's inherent power to impose sanctions.

A district court "should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995)). Before imposing sanctions under such circumstances, the court must make a specific finding of bad faith by the party against whom sanctions are sought. *Kennard Law P.C. v. United Airlines, Inc.*, 2024 WL 3717272, at *4 (5th Cir. Aug. 8, 2024) (per curiam). "Bad faith exists when a party knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citing *Portillo v. Cunningham*, 872 F.3d 728, 740 n.29 (5th Cir. 2017)). "[T]he standard for the imposition of sanctions using the court's inherent powers is extremely high." *See Davillier v. Sw. Sec., FSB*, 2012 WL 6049014, at *4 (N.D. Tex. Dec. 5, 2012) (Fitzwater, C.J.) (internal quotation marks omitted) (quoting *Pillar Panama, S.A. v. DeLape*, 326 Fed. Appx. 740, 744 (5th Cir. 2009) (per curiam)).

The court finds that an award of sanctions is not warranted under its inherent power.

Lennox has failed to demonstrate that Velocity has practiced a fraud upon this court or defiled the very temple of justice. Moreover, Lennox has not introduced sufficient evidence for the court to find that Velocity acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

First, there is no proof that Velocity's misapplication of this court's grant of leave to amend in *Velocity I* was anything more than a mistake, and there is no evidence that Velocity did so for the purpose of harassing Lennox.

Second, there is Fifth Circuit authority that supports the premise that Velocity *was* required to replead in order to preserve its dismissed claims on appeal. *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 291 (5th Cir. 2016) (per curium) ("ADT is correct that a failure to replead claims after being granted leave to replead constitutes waiver of any such claims on appeal.").

Third, although Velocity should have been more transparent in the second amended complaint about its intent to preserve dismissed claims for appeal, its behavior does not rise to the extremely high bar that must be satisfied to warrant the imposition of sanctions under the court's inherent power.

Accordingly, the court declines to award sanctions in the form of attorney's fees under its inherent power.

* * *

For the reasons explained, the court grants Lennox's motion to dismiss Velocity's breach of contract claim based on Lennox's alleged failure to provide at least $250 million

in addressable spend, and Velocity's fraud claim, and denies Lennox's requests for sanctions in the form of reasonable attorney's fees.

**SO ORDERED**.

October 6, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE